IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICHOLE L. HANSLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 06-219-SLR |
| | ) |
| PATRICK RYAN, | ) |
| Warden, and JOSEPH R. | ) |
| BIDEN, III, Attorney | ) |
| General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents.[1] | ) |

Nichole L. Hansley. Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

Dated: April 16, 2007
Wilmington, Delaware

---

[1] See Fed. R. Civ. P. 25(d)(1). Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case.

*[signature]*
ROBINSON, Chief Judge

## I. INTRODUCTION

Currently before the court is petitioner Nichole L. Hansley's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner was detained at the Women's Work Release Treatment Center in New Castle, Delaware when she filed the application. For the reasons that follow, the court will dismiss petitioner's § 2254 application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In August 2004, petitioner was arrested and charged with first degree robbery, possession of a deadly weapon during the commission of a felony, theft, and conspiracy in the second degree. Petitioner remained incarcerated in default of bond until March 3, 2005, when she pled guilty to felony theft. In exchange for pleading guilty, the prosecution dismissed the balance of the charges. The Superior Court sentenced petitioner to two years at Level V, suspended after time served for nineteen months at Level III probation. See generally (D.I. 12)

On June 23, 2005, petitioner was charged with violating the terms of her probation and re-incarcerated, but she posted bail and was released on bond that same day. Petitioner failed to appear at her next hearing date in the Superior Court, and a capias was issued for her arrest on July 13, 2005. Petitioner was arrested on the outstanding capias on August 21, 2005, but she posted bail and was released on bond on September 1, 2005. Petitioner failed to appear for her scheduled violation of probation hearing, and the Superior Court issued another capias for her arrest on

1

November 2, 2005. Petitioner was arrested on the capias on November 5, 2005 and incarcerated in default of bond. On January 5, 2006, the Superior Court conducted a hearing and found petitioner in violation of the terms of her probation. The Superior Court sentenced petitioner to two years at Level V, suspended immediately for eighteen months at Level IV, to be held at Level V until space was available at Level IV. Id.

On June 12, 2006, petitioner was charged with violating the terms of her probation and returned to BWCI. The Superior Court held a hearing on June 21, 2006 and, after finding petitioner in violation of the terms of her probation, sentenced petitioner to six months at Level V, suspended immediately for one year at Level II probation. Petitioner did not appeal any of her violation of probation proceedings. Id.

## III. DISCUSSION

Petitioner filed the instant application in April 2006, asserting two grounds for relief: (1) she has been held for more than 90 days at Level V incarceration waiting for bed space at Level IV work-release; and (2) she has not had a mental health evaluation while incarcerated at Level V. In its answer, the State contends that the court must dismiss the application in its entirety because the claims fail to present issues cognizable on federal habeas review. The State also argues that claim one should be denied as moot.

There are two broad categories of prisoner petitions: § 2254 petitions that challenge the fact or duration of the prisoner's confinement, and § 1983 actions that challenge the conditions of confinement. Preiser v. Rodriguez, 411 U.S. 475, (1973). As explained by the Court of Appeals for the Third Circuit,

> whenever the challenge ultimately attacks the 'core of habeas' - - the validity of

2

the continued conviction or the fact or length of the sentence - - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Here, petitioner's two claims do not challenge her underlying conviction, and a finding in her favor would not alter her sentence or undo her conviction. Therefore, the court will deny the application because it does not assert any issue cognizable on federal habeas review. See, e.g., Beckley v. Minor, 2005 WL 256047 (3d Cir. Feb. 3, 2005)("where the relief sought 'would not alter [petitioner's] sentence or undo his conviction,'" a district court does not have habeas jurisdiction)(not precedential); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 462 (3d Cir. 1996); Oberly v. Kearney, 2000 WL 1876439, *2 (D. Del. Dec. 15, 2000)(finding that a claim alleging petitioner is entitled to work release or home furlough is properly characterized as a §1983 claim and not a § 2254 claim).

Nevertheless, there is caselaw suggesting that petitioner's first claim might be construable as challenging the execution of her sentence, which does present an issue cognizable on federal habeas review. See Woodall v. Fed. Bur. of Prisons, 432 F.3d 235, 241-44 (3d Cir. 2005)(holding that federal prisoner's challenge to the BOP's regulations regarding placement in community confinement constituted a challenge regarding the execution of his sentence, properly brought under 28 U.S.C. § 2241.); Lovett v. Carroll, 2002 WL 1461730 (D. Del. June 27, 2002)(habeas petition challenging petitioner's continued detention at Level V custody, when sentencing order required him to be transferred to the boot camp program, construed as claim challenging the

3

execution of his sentence); Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001)(claim challenging execution of sentence properly presented under 28 U.S.C. § 2254). The record indicates that petitioner was transferred from Level V confinement to Level IV confinement sometime between April 2006 and June 12, 2006.² See generally (D.I. 12, Delaware Super. Ct. Dkt. at Nos. 29 - 31) Thus, even if petitioner's claim regarding the failure to transfer her to Level IV confinement presents an issue cognizable on federal habeas review, the claim is now moot because the alleged unlawful execution of her sentence has ceased.³ See, e.g., Lovett, 2002 WL 1461730, at *2 (once unlawful

---

²Although the State asserts that petitioner was transferred from Level V (Baylor Women's Correctional Institution) to the Level IV Women's Work Release Treatment Center on March 9, 2006, the record provided by the State does not contain documentation regarding the exact date of petitioner's transfer. (D.I. 10, at 2)

³There are four circumstances in which a claim may not be dismissed as moot: (1) the dismissal of the claim will have collateral consequences for the petitioner; (2) the issue is a wrong that is capable of repetition yet evading review; (3) the respondent voluntarily ceases the alleged illegal practice but can resume it at any time; and (4) it is properly certified as a class action. See Chong v. District Director, INS, 264 F.3d 378, 384 (3d Cir. 2001). However, none of these exceptions apply to petitioner's situation. First, the dismissal of the application will not have collateral consequences for petitioner because it will not affect the release date for the sentence petitioner is currently serving. Cf. DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005). The second exception would only apply if petitioner committed new crimes while on probation or otherwise violated the conditions of her probation, and then only if the Department of Correction were to hold her at a higher supervision level than authorized by an order from a Delaware court. The likelihood of this "repetition" is pure conjecture and, therefore, does not present an issue "capable of repetition, yet evading review." See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993)(holding that conjecture regarding a plaintiff's re-incarceration does not satisfy this narrow exception). The third exception does not apply because the State cannot re-incarcerate petitioner unless she violates the terms of her probation, which is an action within her own control. Finally, the last exception does not apply because the instant proceeding is not a class action.
  Additionally, even though claim two is not cognizable on habeas review, the court also denies the claim as moot because petitioner was assessed by the Treatment Access Center ("TASC") in Wilmington, Delaware between April and May 2006. See

4

execution of sentence ceased, petitioner lacked standing to maintain the habeas action and the court dismissed his petition as moot).

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, if a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack, 529 U.S. at 484.

The court concludes that it must dismiss the petitioner's habeas application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because the claims presented therein are not cognizable on federal habeas review and they are also moot. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

---

(D.I. 12, Delaware Super. Ct. Dkt. at Nos. 29 and 30)

5

**V. CONCLUSION**

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.